UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERRY FAYE MENDENHALL,<br><br>Plaintiff,<br><br>v.<br><br>CAROLY W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO. C15-5356 BHS<br><br>ORDER AFFIRMING DENIAL OF BENEFITS |

## I. BASIC DATA

Type of Benefits Sought:

    (X) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 46 at alleged onset date

Principal Disabilities Alleged by Plaintiff: Injuries from car accident, chronic pain, posttraumatic stress disorder, anxiety, and depression.

Disability Allegedly Began: September 3, 2012

Principal Previous Work Experience: Hairstylist.

Education Level Achieved by Plaintiff: At least high school.

ORDER - 1

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Varrell Dethloff:

    Date of Hearing: November 27, 2013, hearing transcript AR 34–49

    Date of Decision: January 2, 2014

    Appears in Record at: AR 17–33

    Summary of Decision:

        Claimant meets the insured status requirements of the Social Security Act through June 30, 2015. Claimant has not engaged in substantial gainful activity since September 3, 2012, the alleged onset date. Claimant has the following severe impairments: right tibia/fibula fracture, status-post open reduction internal fixation; multiple fractures of the left third through eighth ribs; fracture of the left femur and tibia/fibula with placement of traction pin; fracture of the right clavicle; fracture of the left wrist; fracture of the left elbow; olecranon bursitis; and chronic pain syndrome. Her impairments, even in combination, do not qualify under the Listings.

        Claimant has the residual functional capacity to perform sedentary work, which is defined as lifting and/or carrying up to ten pounds occasionally and ten pounds frequently, standing and/or walking up to four hours, and sitting up to six hours, all within an eight hour workday with normal breaks. In addition, claimant is limited to frequent climbing of ramps and stairs, and occasional climbing of ladders, ropes, and scaffolds. She can also frequently stoop, kneel, crouch, and crawl. Finally, claimant must avoid concentrated exposure to extreme cold, vibrations, and hazards.

        Claimant cannot perform any of her past relevant work. Considering claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform. A finding of "not disabled" is therefore appropriate.

Before Appeals Council:

    Date of Decision: April 7, 2015

1 | Appears in Record at: AR 1–4

2 | Summary of Decision: Declined review

### III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Claimant   (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant, Sherry Mendenhall ("Mendenhall"), bears the burden of proving she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUES ON APPEAL

1. Did the ALJ err in determining claimant's severe impairments?
2. Did the ALJ err in assessing claimant's credibility?
3. Did the ALJ err in assessing medical evidence?
4. Did the ALJ err in determining claimant's residual functional capacity?

# VII. DISCUSSION

Mendenhall appeals the Commissioner's decision denying her disability benefits, arguing the ALJ committed several errors requiring reversal. Dkt. 8. The Court addresses each alleged error in turn.

**A.    Step Two Findings**

Mendenhall first objects to the ALJ's findings at step two of the sequential evaluation. *Id.* at 5–7. The ALJ found Mendenhall had eight severe impairments at step two. AR 23. The ALJ, however, did not include Mendenhall's alleged mental impairments because the ALJ determined Mendenhall did not have any medically determinable mental impairments. AR 24–25.

At step two, the ALJ must determine "whether the claimant has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims." *Id.* The claimant has the burden of showing (1) she had a medically determinable impairment, and (2) her medically determinable impairment was severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). To establish the existence of a medically determinable impairment, the claimant must provide objective medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms without more will not suffice. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005).

The ALJ's finding that Mendenhall did not have a medically determinable mental impairment is supported by substantial evidence. *See, e.g.*, AR 56, 78, 471–74, 509, 510,

536, 546.  For example, in April 2013, Mendenhall had a psychological evaluation with Dr. Chalstrom.  AR 471–74.  Dr. Chalstrom did not diagnose Mendenhall with any mental impairment because "she is generally functioning pretty well and has meaningful interpersonal relationships."  AR 473.  Although Dr. Chalstrom noted "some mild symptoms of PTSD," he concluded those symptoms were "not enough to give that diagnosis."  *Id.*

Mendenhall nevertheless argues the ALJ should have included her posttraumatic stress disorder, anxiety, and depression as severe impairments.  Dkt. 8 at 5–7.  To support her argument, Mendenhall cites to comments from various medical providers in the record.  *See id.* at 6.  These comments, however, do not establish the existence of a medically determinable mental impairment.

For example, Mendenhall points to reports from Dr. Krashin and Dr. Dominguiano.  *Id.* (citing AR 537, 554).  Neither Dr. Krashin nor Dr. Dominguiano diagnosed Mendenhall with a mental impairment.  In his report, Dr. Krashin stated that "a full psychiatric assessment was not done," but Mendenhall showed "*some* depressive and anxiety symptoms and *may* very well have PTSD related to her severe injuries."  AR 537 (emphasis added).  Similarly, Dr. Dominguiano did not perform psychological testing.  *See* AR 554–58.  Dr. Dominguiano merely noted that Mendenhall reported "having a lot of anxiety lately."  AR 554.

Mendenhall also points to records from Ms. Hento, a nurse practitioner who diagnosed Mendenhall with posttraumatic stress disorder and depression.  Dkt. 8 at 6 (citing AR 553).  Nurse practitioners are not an acceptable medical source and thus

cannot establish the existence of a medically determinable impairment. *See* 20 C.F.R. § 416.913(a); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

Although the record contains references to posttraumatic stress disorder, anxiety, and depression, the record does not establish these alleged mental impairments are medically determinable. Accordingly, the ALJ properly found Mendenhall did not have a medically determinable mental impairment at step two.

**B.    Claimant Credibility**

Next, Mendenhall argues the ALJ erred in assessing her credibility. Dkt. 8 at 7. Mendenhall reported she is unable to do any physical activity—including lifting, squatting, bending, walking, and stair climbing—due to her injuries from the car accident. AR 216.

Absent evidence of malingering, the ALJ must provide clear and convincing reasons to reject a claimant's testimony about the severity of her symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

1       The ALJ found Mendenhall's testimony regarding her alleged limitations to not be fully credible. AR 26. The ALJ did not cite any evidence of malingering; therefore, the clear and convincing standard applies.

       After reviewing the record, the Court concludes the ALJ provided two clear and convincing reasons for not finding Mendenhall fully credible. First, the ALJ found Mendenhall's injuries from the car accident improved and properly healed. AR 26. Improvement with treatment is a valid reason to discount a claimant's allegations. *See Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996). Substantial evidence supports the ALJ's finding that Mendenhall's injuries improved with treatment. *See, e.g.*, AR 371, 414–15, 427–33, 463–68, 537, 552. For example, medical imaging showed proper healing of Mendenhall's legs, wrist, ankles, and elbows. AR 427–33, 463–68. Other medical records noted Mendenhall was doing very well, should be able to return to work in the near future, had normal examination findings, and would not need chronic daily opioids. AR 414–15, 537.

       Second, the ALJ found Mendenhall's allegations conflicted with her activities of daily living. AR 26. Mendenhall does not challenge this finding on appeal. *See* Dkts. 8, 10. The ALJ may discredit a claimant's testimony when the claimant reports daily activities that "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Mendenhall reported activities which, taken together, conflict with her allegation of not being able to do any physical activity. *See, e.g.*, AR 39–40, 215–17.

Because the ALJ provided clear and convincing reasons for discounting Mendenhall's testimony, the ALJ did not err.

**C.     Medical Evidence**

Mendenhall also contends the ALJ erred in evaluating medical evidence. Dkt. 8 at 7–8. Specifically, Mendenhall argues the ALJ gave significant weight to the opinion of a reviewing physician, but did not explain the weight given to the opinions of other doctors. *Id.* at 8.

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine*, 574 F.3d at 692. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester*, 81 F.3d at 830. The ALJ must "explain in the decision the weight given to the opinions" of all acceptable medical sources. 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii).

The ALJ gave "significant weight" to the opinion of Dr. Hale, a state agency reviewing physician. AR 26. Although the ALJ discussed other medical opinions throughout his decision, the ALJ did not specify the weight given to those opinions. *See* AR 22–28. The ALJ's failure to do so is error. *See* 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii).

Having determined the ALJ erred, the Court next must decide whether the error is harmless. The Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless "where it is inconsequential to the ultimate nondisability determination." *Id.* at 1115

1  (internal quotation marks omitted).  The claimant normally bears the burden of showing
2  an error is harmful.  *Id.* at 1111 (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).
3        Although Mendenhall has demonstrated the ALJ erred, Mendenhall has not met
4  her burden of showing the error is harmful.  Mendenhall does not identify any medical
5  opinions the ALJ did not account for in the residual functional capacity determination.
6  *See* Dkts. 8, 10.  Meanwhile, the Commissioner states "[t]he undersigned has reviewed
7  the record and found no medical opinion that [Mendenhall] is more limited than the ALJ
8  found her to be."  Dkt. 9 at 6.  The Commissioner further asserts "none of [Mendenhall's
9  treatment notes] are inconsistent with the ALJ's finding that [Mendenhall] could perform
10 sedentary work."  *Id.*  To support this assertion, the Commissioner points to medical
11 opinions from Mendenhall's treating and examining physicians.  *Id.*  The ALJ cited and
12 discussed these opinions in his decision.  *See* AR 26.  These opinions note Mendenhall
13 was doing very well, should be able to return to work in the near future, and could
14 explore work that did not require standing for extended periods of time.  AR 414, 415,
15 537.  Ultimately, Mendenhall fails to show how the ALJ's error prejudiced her.  The
16 Court concludes the ALJ's error in failing to specify the weight given to other medical
17 opinions is harmless.

18 **D.     Residual Functional Capacity**

19       Finally, Mendenhall argues the ALJ's residual functional capacity determination is
20 flawed.  Dkt. 8 at 8–9.  Between steps three and four, the ALJ must assess the claimant's
21 residual functional capacity.  *See Pinto v. Massanari*, 249 F.3d 840, 844–45 (9th Cir.
22 2001); SSR 96-8p.  A claimant's residual functional capacity is "the most [the claimant]

can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ's residual functional capacity analysis must consider all of the claimant's "medically determinable impairments," including those that are not severe. 20 C.F.R. § 416.945(a)(2); SSR 96-8p.

The ALJ determined Mendenhall has the residual functional capacity to perform sedentary work, subject to some limitations. AR 25. According to Mendenhall, there are two flaws in the ALJ's determination: (1) the ALJ failed to account for her mental health impairments; and (2) the ALJ failed to properly evaluate medical evidence. Dkt. 8 at 8–9.

As discussed above, the ALJ properly found Mendenhall did not have a medically determinable mental impairment. Accordingly, the ALJ was not obligated to consider Mendenhall's alleged mental impairments during the residual functional capacity determination. *See* 20 C.F.R. § 416.945(a)(2); *Smolen*, 80 F.3d at 1290. With regard to the medical evidence, Mendenhall does not identify any medical opinions the ALJ failed to account for in the residual functional capacity determination. *See* Dkts. 8, 10. In sum, Mendenhall has not shown the ALJ committed an error requiring reversal.

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Mendenhall disability benefits is **AFFIRMED**.

Dated this 30th day of November, 2015.

                                                                       BENJAMIN H. SETTLE
                                                                       United States District Judge